IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

      v.                                            04-CR-116-C-01

QUILL R. HAWK,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Quill R. Hawk's supervised release was held on April 13, 2011, before U.S. District Judge Barbara B. Crabb. The government appeared by U.S. Attorney John W. Vaudreuil. Defendant was present in person and represented by Associate Federal Defender Erika L. Bierma. Also present was Senior U.S. Probation Officer Helen H. Raatz.

      From the record and defendant's stipulation, I make the following findings of fact.

FACTS

      Defendant was sentenced in the Western District of Wisconsin on November 29, 2004, following his conviction for distribution of a mixture or substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1), a Class C felony. He was committed to the custody

of the Bureau of Prisons to serve a term of imprisonment of 121 months with a 36-month term of supervised release to follow. On March 22, 2006, he appeared for re-sentencing and received a sentence of 121 months' custody with a 36-month term of supervised release to follow. On May 23, 2008, this sentence was amended to a term of 100 months' custody with a 36-month term of supervised release to follow.

Defendant began his term of supervised release on December 9, 2010.

On December 10, 2010, defendant violated Special Condition No. 3 requiring him to abstain from the use of alcohol and illegal drugs and from association with drug user and sellers and participate in substance abuse treatment. He appeared in the United States Probation office in the Eastern District of Wisconsin with a BAC of .40. On December 18, 2010, defendant failed to report for a random urinalysis after being directed to do so.

On December 21, 2010, defendant violated the mandatory condition prohibiting him from committing another federal, state or local crime, and Special Condition No. 1, prohibiting him from leaving the judicial district without permission, when he stole two 24-packs of beer from Ric's Food Center in Mt. Pleasant, Michigan.

On January 6, 2011, defendant violated Standard Condition No. 2, requiring him to report to the probation officer as directed and submit a written monthly report form within the first five days of the month, when he failed to report to the probation officer as directed and failed to submit his written report for December 2010 within the first five days of

2

January 2011.

Defendant's conduct falls into the category of a Grade C violation. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release upon the finding of a Grade C violation.

## CONCLUSIONS

Defendant's violations warrant revocation.  Accordingly, the 36-month term of supervised release imposed on defendant on November 29, 2004, will be revoked.

Defendant's criminal history category is III.  With Grade C violations, defendant has an advisory guideline term of imprisonment of 5 to 11 months.  The statutory maximum to which defendant can be sentenced upon revocation is two years under 18 U.S.C. § 3583(e), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years on each count if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence within the guideline range.  The purpose of this sentence is to hold defendant accountable for his violations and to protect the community.

3

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on November 29, 2004, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 6 months. A three-year term of supervised release shall follow. All standard and special conditions of supervised release previously imposed shall remain in effect with the addition of the following special condition:

> **Special Condition No. 6**: Spend the first 180 days of his supervision in a residential reentry center. Defendant may be absent from the center for employment purposes, for mental health counseling and treatment and for passes consistent with program rules. Defendant is to pay his own medical expenses. Defendant is required to pay 25% of his gross income toward the cost of residence.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration. Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Entered this 13th day of April, 2011.

BY THE COURT:

/s/

Barbara B. Crabb

District Judge

4