IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

                   v.                                    04-cr-116-bbc-1

QUILL R. HAWK,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Quill R. Hawk's supervised release was held on October 19, 2012, before U.S. District Judge Barbara B. Crabb. The government appeared by U.S. Attorney John W. Vaudreuil. Defendant was present in person and represented by defense counsel David R. Karpe. Also present was Senior U.S. Probation Officer Michael D. Harper.

From the record and the parties' stipulation, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on November 29, 2004, following his conviction for distribution of a mixture or substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 121 months with

a 36-month term of supervised release to follow.  On March 22, 2006, he appeared for re-sentencing and he was resentenced to the same sentence (121 months' custody with a 36-month term of supervised release to follow).  On May 23, 2008, this sentence was reduced to a term of 100 months' custody with a 36-month term of supervised release to follow.

Defendant began his initial term of supervised release on December 9, 2010.  His supervised release was revoked on April 13, 2011, following his consumption of alcohol, failure to report for random urinalysis, leaving the district without permission, committing a new crime and failure to report to his probation officer.  He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of six months, with a three-year term of supervised release to follow.

Defendant began his second term of supervised release on September 9, 2011.  Defendant violated the statutory condition requiring him to abstain from illegal drugs as evidenced by sweat patches removed on May 23, 2012 and June 8, 2012, which tested positive for cocaine and THC.

On June 8, 2012, defendant violated the statutory condition requiring him to abstain from illegal drugs when he submitted a sweat patch that tested positive for cocaine and THC.

On May 30, 2012, defendant violated the mandatory condition, prohibiting him from committing another federal, state or local crime, when he resisted or obstructed an officer in Burnett County, Wisconsin, which resulted in his October 8, 2012, conviction (Burnett County Circuit Court Case No. 2012CF00080).

Defendant violated Standard Condition No. 6, requiring him to notify the probation officer at least ten days before any change in residence or employment, when he failed to report changes in his employment and residence to the probation office and absconded from supervision.

Defendant's conduct falls into the category of Grade C violations. Section 7B1.3(a)(2) of the advisory guidelines provides that the court has the discretion to revoke supervised release, extend it or modify the conditions of release upon the finding of a Grade C violation.

## CONCLUSIONS

Defendant's violations warrant revocation. Accordingly, the 36-month term of supervised release imposed on defendant on April 13, 2011 will be revoked.

Defendant's criminal history category is III. With Grade C violations, he has an advisory guideline term of imprisonment of 5 to 11 months. Under 18 U.S.C. § 3583(e)(3), the statutory maximum to which defendant can be sentenced upon revocation is 24 months because this offense is a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence at the top of the guideline range. The purpose of this sentence is to hold defendant accountable for his violations and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant Quill R. Hawk on April 6, 2011, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of 11 months.  An 18-month term of supervised release shall follow.  All standard and special conditions of supervised release previously imposed shall remain in effect, including Special Condition No. 6, requiring defendant's placement in a residential reentry center for the first 180 days of his supervision, and with the addition of the following special condition:

> **Special Condition No. 8:** Not associate with any member or prospective member of any known street gang or affiliate.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.  Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

Entered this 19th day of October, 2012.

BY THE COURT:

/s/

BARBARA CRABB
District Judge

4